UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-80145-Cannon/McCabe

MATTHEW ORSO,

    Plaintiff,

v.

JEAN GARY JOSEPH,

    Defendant,

v.

BANK OF AMERICA, N.A., et al.,

    Garnishees.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court upon a referral to the undersigned as to the disposition of a Writ of Garnishment (DE 34) and corresponding Answer (DE 38), as well as other outstanding writs and answers requiring adjudication or resolution in this case. (DE 41). For the reasons set forth below, the undersigned **RECOMMENDS** all pending writs be deemed dissolved.

### I.    BACKGROUND

On January 25, 2021, Plaintiff registered a foreign judgment against Defendant Jean Gary Joseph. (DE 1). Plaintiff subsequently assigned the judgment to Nationwide Judgment Recovery ("Nationwide"). (DE 1). Nationwide thereafter obtained writs of garnishment directed to numerous banks (hereafter "Garnishees"), with the following results:

| Garnishee | Result |
|---|---|
| Bank of America, N.A. ("BOA") (DE 5, 5/11/21 Writ) | On 5/13/21, BOA filed an Answer, reporting that it was not indebted to Defendant. (DE 7). |
| Wells Fargo Bank, N.A. ("Wells Fargo") (DE 6, 5/11/21 Writ & DE 34, 1/8/24 Writ) | On 5/18/21, Wells Fargo filed an Answer to the 5/11/21 Writ reporting two accounts that may be subject to that writ. (DE 8). Thereafter, Nationwide filed a Motion for Judgment as to the 5/11/21 Writ, which was granted by the District Judge on 11/8/21. (DE 12, DE 13). |

|  | On 1/17/24, Wells Fargo filed an Answer to the 1/8/24 Writ, reporting two accounts that may be subject to that writ, one with a zero balance and the other with a balance of $1,572.30. (DE 38). |
|---|---|
| JPMorgan Chase Bank, N.A. ("JPMorgan") (DE 16, 2/1/22 Writ) | On 2/10/22, JPMorgan filed an Answer, reporting that it was not indebted to Defendant. (DE 19). |
| TD Bank, N.A. ("TD") (DE 24 at 7-12, 2/14/23 Writ) | On 2/22/23, TD filed an Answer, reporting an account that may be subject to the writ but that the account had a zero balance. (DE 27). |
| PNC Bank, N.A. ("PNC") (DE 24 at 1-6, 2/14/23 Writ) | On 2/28/23, PNC filed an Answer, reporting that it was not indebted to Defendant. (DE 28). |
| Truist Bank ("BB&T") (DE 16, 2/1/22 Writ & DE 30, 5/12/23 Writ) | BB&T failed to answer the 2/1/22 Writ and Nationwide did not move for default.<br><br>On 5/16/23, BB&T filed an Answer to the 5/12/23 Writ, reporting that it was not indebted to Defendant. (DE 32). |

## II.     DISCUSSION

State law governs the collection of money judgments in federal court. *See* Fed. R. Civ. P. 69(a)(1); *Allen v. Robert F. DeLuca, M.D., P.A.*, No. 9:18-CV-81265, 2020 WL 1832323, at *1 (S.D. Fla. Mar. 25, 2020), *R. & R. adopted*, 2020 WL 1828510 (S.D. Fla. Apr. 13, 2020). In Florida, Chapter 77 of the Florida Statutes sets forth the statutory procedures for enforcing a garnishment remedy. "Florida law requires garnishment statutes . . . to be strictly construed." *Allen*, 2020 WL 1832323, at *1. Under the Florida statute, "[i]f the plaintiff fails to file a dismissal or motion for final judgment within 6 months after filing the writ of garnishment, the writ shall be automatically dissolved and the garnishee shall be discharged from further liability under the writ." Fla. Stat. § 77.07(5).

Here, Nationwide complied with Fla. Stat. § 77.07(5) as to only one of the above writs – the May 11, 2021 Writ to Wells Fargo. As to that writ, Nationwide moved for entry of final judgment, which the District Judge granted on November 8, 2021. (DE 8, DE 12, DE 13). As to

the remaining writs, Nationwide failed to move for dismissal or for final judgment within six months following all respective writs. Therefore, all pending writs in this case should be deemed dissolved automatically through operation of section 77.07(5), Fla. Stat.

### III.   RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that all pending writs be deemed dissolved.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 15th day of July 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE